IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

In re Richard Miller

        Debtor.
_____/

Chapter 7
Case No. 19-46148-mar
Hon. Mark A. Randon

Richard Miller

        Plaintiff,

v.

Comcast of Detroit, LLC

        Defendant.
_____/

Adversary Proc. No.

COMPLAINT FOR VIOLATION OF 11 U.S.C. § 362 THE BANKRUPTCY
AUTOMATIC STAY, VIOLATION OF 47 U.S.C. § 227 THE TELEPHONE
CONSUMER PROTECTION ACT AND VIOLATION OF THE MICHIGAN
COLLECTION PRACTICES ACT

INTRODUCTION

1. This is an action for the violation of 11 U.S.C. § 362 and 47 U.S.C. § 227 *et seq*.

2. This action is filed for recovery of statutory, actual and punitive damages pursuant to § 105, § 362, § 354 and §1306 of the Bankruptcy Code, 47

U.S.C. § 227 *et seq*. of the Telephone Consumer Protection Act (TCPA) and of the Michigan Consumer Protection Act (MCPA).

3. Defendant Comcast persistently utilized a robo caller and harassed the Debtor with robocalls after the filing of his bankruptcy.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1334, 28 U.S.C. § 157, and 28 U.S.C. § 1367 in that this proceeding arises in and is related to the above-captioned Chapter 7 case and the Bankruptcy Automatic Stay arises under Title 11.

5. This action is brought by the Plaintiff as a consumer Debtor to enforce his rights under the Bankruptcy Code for violation of the Bankruptcy Automatic Stay, a core proceeding, violation of the TCPA and violation of the MCPA.

6. Venue lies in the District pursuant to 28 U.S.C. § 1409, 28 U.S.C. § 1391 of the United States Code.

## PARTIES

7. The Plaintiff is a Debtor under Chapter 7 of Title 11 in the above-captioned case, a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a "consumer" as that term is defined at M.C.L. § 445.251.

8. The Defendant Comcast of Detroit, LLC (Comcast) is a "person" as the term is defined by 47 U.S.C. § 153(39) and a "regulated person" as that term is

defined in the MCPA at M.C.L. § 445.251 with its resident agent, The Corporation Company, with its registered office address of 40600 Ann Arbor Road E, Suite 201, Plymouth, MI 48170.

## FACTUAL ALLEGATIONS

9. The underlying Chapter 7 bankruptcy case was commenced by the filing of a petition with the Clerk of this Court on April 23, 2019.

10. On April 25, 2019, the Bankruptcy Notice Center notified Defendant of Debtor's bankruptcy case.

11. The 341(a) meeting of creditors was held in Detroit, Michigan on May 16, 2019.

12. After the filing of this Chapter 7 case, Defendant Comcast began contacting Plaintiff by telephone on his private cellular number 313-409-XXXX using an Automatic Telephone Dialing System (ATDS) in violation of the Bankruptcy Automatic Stay, TCPA and MCPA.

13. Defendant Comcast telephoned Plaintiff numerous times using telephone numbers 1-800-266-2278 and 1-800-934-6489.

14. Defendant Comcast contacted Plaintiff numerous times in violation of the Bankruptcy Automatic Stay, TCPA and MCPA.

15. The robocalls started on May 31, 2019, and continued through July 10, 2019.

16. On May 31, 2019, an agent from Defendant Comcast stated he was calling to collect a $300.00 outstanding Comcast debt.

17. Without the Plaintiff's prior express consent, Defendant Comcast and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephones in an attempt to collect this debt after the filing of the bankruptcy case.

18. All calls and or messages were sent in willful violation of the TCPA because Defendant Comcast never obtained Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent.

19. Plaintiff never gave his cellular telephone number 313-409-XXXX to Defendant Comcast.

20. Defendant Comcast's repeated autodialed collection calls to Plaintiff's cellular telephone were illegal attempts to collect this debt in violation of the Bankruptcy Automatic Stay, TCPA, and MCPA.

21. All calls and or messages were made in willful violation of the Bankruptcy Automatic Stay, TCPA and MCPA because Defendants never obtained Plaintiff's prior express consent, and had no basis to believe that they had Plaintiff's prior express consent.

22. Plaintiff has been injured by the willful violations of the Bankruptcy Automatic Stay, TCPA and MCPA.

# FIRST CLAIM FOR RELIEF - VIOLATION OF THE BANKRUPTCY AUTOMATIC STAY 11 U.S.C. § 362

23. The Plaintiff realleges and incorporates by reference paragraphs 1 through 22 above as if fully set out herein.

24. That Defendant Comcast violated 11 U.S.C. § 362 by calling Plaintiff after the bankruptcy filing.

25. As a result of the violation, the Defendant Comcast is liable to the Plaintiff for the actual damages, including costs and reasonable attorney's fees and expenses in the sum of no less than $335.00 per hour, and punitive damages of $10,000.00. 11 U.S.C. § 362(k)(1).

# SECOND CLAIM FOR RELIEF – VIOLATION OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

26. The Plaintiff realleges and incorporates by reference paragraphs 1 through 25 above as if fully set out herein.

27. Within the four year period immediately preceding this action, the Defendant Comcast made numerous calls to the Plaintiff's cellular telephone number using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

28. The acts and or omissions of Defendant Comcast at all times material and relevant hereto, as described in this complaint, were done unfairly,

unlawfully, intentionally, deceptively, without lawful right, legal defense, legal justification or legal excuse.

29. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant Comcast at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

30. Defendant Comcast did not have the necessary prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

31. Under the 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

32. Defendant Comcast willfully and knowingly violated the TCPA, and as such, the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to the 47 U.S.C. § 227(b)(3).

33. Plaintiff is entitled to injunctive relief prohibiting Defendant Comcast from contacting the Plaintiff on his cellular telephone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

### THIRD CLAIM FOR RELIEF - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

34. The Plaintiff realleges and incorporates by reference paragraphs 1 through 33 above as if fully set out herein.

35. Defendant Comcast's foregoing acts in attempting to collect this debt violated M.C.L. § 445.252.

36. Plaintiff has suffered damages as a result of these violations of the MCPA.

37. These violations of the MCPA by Defendants were willful.

WHEREFORE, the Plaintiff having set forth his claims for relief against the Defendant Comcast respectfully prays of the Court as follows:

- A. for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant Comcast and for Plaintiff;
- B. for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant Comcast and for Plaintiff;
- C. for an injunction prohibiting Defendant Comcast from contacting Plaintiff on his cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).
- D. for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Michigan Collection Practices Act.
- E. the sum of $10,000.00 to be paid by Defendant Comcast and for Plaintiff in the form of punitive damages;
- F. the costs and reasonable attorney's fees in the sum of no less than $335.00 per hour; and

G. for such other and further relief as may be just and proper

Respectfully submitted,

/s/ Stephen A. Thomas

Dated: July 14, 2019

STEPHEN A. THOMAS P43260
Attorney for Plaintiff
645 Griswold Street, Suite 1360
Detroit, Michigan 48226
313-965-2265
sthomas@313965bank.com