# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re Richard Miller

              Debtor.

_____ /

Case No. 19-46148-mar
Chapter 7
Hon. Mark A. Randon

Richard Miller,

              Plaintiff,

v.

Comcast of Detroit, LLC,

              Defendant.

_____ /

Adversary Pro. No. 19-04300-mar

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Comcast of Detroit, LLC ("Comcast"), by and through its undersigned counsel, submits its answer and affirmative defenses to the First Amended Complaint (Doc. 10) ("Complaint") filed by Plaintiff Richard Miller ("Plaintiff").

## ANSWER

For convenience and ease of reference, Comcast uses certain section headings used in the Complaint. The use of such headings shall not constitute or be interpreted as an admission by Comcast of truth of any matter stated in any heading. To the extent any allegations contained in a section heading may be deemed to require a

response, they are denied. Comcast responds to the specific allegations contained in the enumerated paragraphs of Plaintiff's Complaint as follows:

## **INTRODUCTION**

1.   This is an action for the violation of 11 U.S.C. § 362, § 524(a) and 47 U.S.C. § 227 *et seq.*

**ANSWER:** In response to Paragraph 1, Defendant Comcast admits Plaintiff purports to bring an action under 11 U.S.C. 1. § 362, § 524(a) and 47 U.S.C. § 227 *et seq.*, but denies that it violated any of these statutes.

2.   This action is filed for recovery of statutory, actual and punitive damages pursuant to § 105, § 362, § 354 and §1306 of the Bankruptcy Code, 47 U.S.C. § 227 *et seq.* of the Telephone Consumer Protection Act (TCPA) and of the Michigan Consumer Protection Act (MCPA).

**ANSWER:** In response to Paragraph 2, Defendant Comcast admits Plaintiff purports to bring an action to recover statutory, actual, and punitive damages pursuant to the statutes identified in Paragraph 2, but denies that such relief is appropriate in this case.

3.   Defendant Comcast persistently utilized a robo caller and harassed the Debtor with robocalls after the filing of his bankruptcy case and after receiving his bankruptcy discharge.

**ANSWER:** Paragraph 3 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts in this paragraph, those allegations are denied.

## JURISDICTION AND VENUE

4.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1334, 28 U.S.C. § 157, and 28 U.S.C. § 1367 in that this proceeding arises in and is related to the above-captioned Chapter 7 case and the Bankruptcy Automatic Stay and the Bankruptcy Injunction arises under Title 11.

**ANSWER:** Paragraph 4 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts in this paragraph, those allegations are denied.

5.    This action is brought by the Plaintiff as a consumer Debtor to enforce his rights under the Bankruptcy Code for violation of the Bankruptcy Automatic Stay, violation of the Bankruptcy Discharge Injunction, core proceedings, and violation of the TCPA and violation of the MCPA.

**ANSWER:** Paragraph 5 contains conclusions of law and Plaintiff's characterization of his lawsuit, to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts in this paragraph, those allegations are denied.

6.      Venue lies in the District pursuant to 28 U.S.C. § 1409, 28 U.S.C. § 1391 of

the United States Code.

**ANSWER:** Paragraph 6 contains conclusions of law to which no response is

required.  To the extent that Plaintiff is deemed to have pleaded purported facts in

this paragraph, those allegations are denied.

## PARTIES

7.      The Plaintiff is a Debtor under Chapter 7 of Title 11 in the above-captioned

case, a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a

"consumer" as that term is defined at M.C.L. § 445.251.

**ANSWER:** Paragraph 7 contains conclusions of law to which no response is

required.  To the extent that Plaintiff is deemed to have pleaded purported facts,

Comcast lacks information or knowledge sufficient to form a belief as to the truth or

falsity in Paragraph 7 and, therefore, denies the allegations set forth therein.

8.      The Defendant Comcast of Detroit, LLC (Comcast) is a "person" as the term

is defined by 47 U.S.C. § 153(39) and a "regulated person" as that term is

defined in the MCPA at M.C.L. § 445.251 with its resident agent, The

Corporation Company, with its registered office address of 40600 Ann Arbor

Road E, Suite 201, Plymouth, MI  48170.

**ANSWER:** In response to Paragraph 8, Comcast admits that it has a resident

agent, The Corporation Company, which has a registered office at 40600 Ann Arbor

Road E, Suite 201, Plymouth, MI 48170. The remaining allegations in Paragraph 8 contain conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts in these remaining allegations, Comcast lacks information or knowledge sufficient to form a belief as to the truth or falsity of those allegations and therefore denies same.

## FACTUAL ALLEGATIONS

9. The underlying Chapter 7 bankruptcy case was commenced by the filing of a petition with the Clerk of this Court on April 23, 2019.

   **ANSWER:** Comcast admits the allegations in Paragraph 9.

10. On April 25, 2019, the Bankruptcy Notice Center notified Defendant of Debtor's bankruptcy case.

   **ANSWER:** Comcast lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies the allegations set forth therein.

11. The 341(a) meeting of creditors was held in Detroit, Michigan on May 16, 2019.

   **ANSWER:** Comcast lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies the allegations set forth therein.

12. After the filing of this Chapter 7 case, Defendant Comcast began contacting Plaintiff by telephone on his private cellular number 313-409-XXXX using an Automatic Telephone Dialing System (ATDS) in violation of the Bankruptcy Automatic Stay, TCPA and MCPA.

**ANSWER:** Paragraph 12 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

13. Defendant Comcast telephoned Plaintiff numerous times using telephone numbers 1-800-266-2278 and 1-800-934-6489.

**ANSWER:** In response to Paragraph 13, Comcast denies that it placed collection calls to Plaintiff after the filing of this Chapter 7 case.

14. Defendant Comcast contacted Plaintiff numerous times in violation of the Bankruptcy Automatic Stay, Bankruptcy Injunction, TCPA and MCPA.

**ANSWER:** Paragraph 14 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

15. The robocalls started on May 31, 2019, and have continued through August 6, 2019.

**ANSWER:** Paragraph 15 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

16. On May 31, 2019, an agent from Defendant Comcast stated he was calling to collect a $300.00 outstanding Comcast debt.

**ANSWER:** Comcast lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore denies the allegations set forth therein.

17. Without the Plaintiff's prior express consent, Defendant Comcast and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephones in an attempt to collect this debt after the filing of the bankruptcy case and after the July 16, 2019 discharge order was entered.

**ANSWER:** Paragraph 17 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

18. All calls and or messages were sent in willful violation of the TCPA because Defendant Comcast never obtained Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent.

**ANSWER:** Comcast denies the allegations in Paragraph 18.

7

19.    Plaintiff never gave his cellular telephone number 313-409-XXXX to Defendant Comcast.

**ANSWER:** Comcast denies the allegations in Paragraph 19.

20.    Defendant Comcast's repeated autodialed collection calls to Plaintiff's cellular telephone were illegal attempts to collect this debt in violation of the Bankruptcy Automatic Stay, violation of the Bankruptcy Discharge Injunction, TCPA, and MCPA.

**ANSWER:** Comcast denies the allegations in Paragraph 20.

21.    All calls and or messages were made in willful violation of the Bankruptcy Automatic Stay, violation of the Bankruptcy Discharge Injunction, TCPA and MCPA because Defendants never obtained Plaintiff's prior express consent, and had no basis to believe that they had Plaintiff's prior express consent.

**ANSWER:** Paragraph 21 contains conclusions of law to which no response is required.  To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

22.    Plaintiff has been injured by the willful violations of the Bankruptcy Automatic Stay, violation of the Bankruptcy Discharge Injunction, TCPA and MCPA.

**ANSWER:** Paragraph 22 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

## FIRST CLAIM FOR RELIEF – VIOLATION OF THE BANKRUPTCY AUTOMATIC STAY 11 U.S.C. § 362

23. The Plaintiff realleges and incorporates by reference paragraphs 1 through 22 above as if fully set out herein.

**ANSWER:** Comcast incorporates and restates its responses to Paragraphs 1 through 22 as though fully stated herein.

24. That Defendant Comcast violated 11 U.S.C. § 362 by calling Plaintiff after the bankruptcy filing.

**ANSWER:** Paragraph 24 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

25. As a result of the violation, the Defendant Comcast is liable to the Plaintiff for the actual damages, including costs and reasonable attorney's fees and expenses in the sum of no less than $335.00 per hour, and punitive damages of $10,000.00. 11 U.S.C. § 362(k)(1).

AMERICAS 101803549

**ANSWER:** Paragraph 25 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

## SECOND CLAIM FOR RELIEF – VIOLATION OF DISCHARGE ORDER 11 U.S.C. § 524(a)

26.     The Plaintiff realleges and incorporates by reference paragraphs 1 through 25 above as if fully set out herein.

**ANSWER:** Comcast incorporates and restates its responses to Paragraphs 1 through 25 as though fully stated herein.

27.     That Defendant Comcast violated 11 U.S.C. § 524(a) by calling Plaintiff after the Bankruptcy Discharge Injunction.

**ANSWER:** Paragraph 27 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

28.     That Plaintiff is informed and believes and therefore alleges that the actions of Defendant Comcast constitute a gross violation of the Discharge Injunction Order as set forth in 11 U.S.C. § 524(a) and the Order entered in this case on July 16, 2019.

**ANSWER:** Paragraph 28 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

29.     As a result of the above violations of 11 U.S.C. § 362, Defendant Comcast is liable to the Plaintiff for the actual damages, including costs and reasonable attorney's fees and expenses in the sum of no less than $335.00 per hour, and punitive damages of $10,000.00. 11 U.S.C. § 362(k)(1).

**ANSWER:** Paragraph 29 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

## THIRD CLAIM FOR RELIEF – VIOLATION OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

30.     The Plaintiff realleges and incorporates by reference paragraphs 1 through 29 above as if fully set out herein.

**ANSWER:** Comcast incorporates and restates its responses to Paragraphs 1 through 29 as though fully stated herein.

31.     Within the four year period immediately preceding this action, the Defendant Comcast made numerous calls to the Plaintiff's cellular telephone number using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

11

**ANSWER:** Paragraph 31 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

32. The acts and or omissions of Defendant Comcast at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, without lawful right, legal defense, legal justification or legal excuse.

**ANSWER:** Paragraph 32 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

33. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant Comcast at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

**ANSWER:** Paragraph 33 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

34. Defendant Comcast did not have the necessary prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

**ANSWER:** Paragraph 34 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

35.     Under the 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

**ANSWER:** Paragraph 35 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

36.     Defendant Comcast willfully and knowingly violated the TCPA, and as such, the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to the 47 U.S.C. § 227(b)(3).

**ANSWER:** Paragraph 36 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

37.     Plaintiff is entitled to injunctive relief prohibiting Defendant Comcast from contacting the Plaintiff on his cellular telephone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

**ANSWER:** Paragraph 37 contains conclusions of law to which no response is required. To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

## FOURTH CLAIM FOR RELIEF - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

38.     The Plaintiff realleges and incorporates by reference paragraphs 1 through 37 above as if fully set out herein.

**ANSWER:** Comcast incorporates and restates its responses to Paragraphs 1 through 37 as though fully stated herein.

39.     Defendant Comcast's foregoing acts in attempting to collect this debt violated M.C.L. § 445.252.

**ANSWER:** Paragraph 39 contains conclusions of law to which no response is required.  To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

40.     Plaintiff has suffered damages as a result of these violations of the MCPA.

**ANSWER:** Paragraph 40 contains conclusions of law to which no response is required.  To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

41.     These violations of the MCPA by Defendants were willful.

**ANSWER:** Paragraph 41 contains conclusions of law to which no response is required.  To the extent that Plaintiff is deemed to have pleaded purported facts, those allegations are denied.

AMERICAS 101803549

WHEREFORE, the Plaintiff having set forth his claims for relief against the Defendant Comcast respectfully prays of the Court as follows:

A.      for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant Comcast and for Plaintiff;

B.      for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant Comcast and for Plaintiff;

C.      for an injunction prohibiting Defendant Comcast from contacting Plaintiff on his cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

D.      for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Michigan Collection Practices Act.

E.      the sum of $10,000.00 to be paid by Defendant Comcast and for Plaintiff in the form of punitive damages;

F.      the costs and reasonable attorney's fees in the sum of no less than $335.00 per hour; and

G.      for such other and further relief as may be just and proper.

**ANSWER:** Comcast denies the allegations set forth in Plaintiff's prayer for relief.

AMERICAS 101803549

## GENERAL DENIAL

Comcast denies each and every allegation and legal conclusion contained in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

By way of separate and additional defenses, Comcast asserts the following. By virtue of asserting these defenses, Comcast does not assume any burden of proof not otherwise legally assigned to it. Comcast reserves the right to amend or supplement its responses to Plaintiff's Complaint, as well as its affirmative defenses, as information is gathered through discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the dialing equipment that would have been used to make the alleged collection calls are not covered by the TCPA.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent Plaintiff is seeking TCPA statutory damages for each call alleged in the First Amended Complaint, Plaintiff lacks standing to assert the claims because Plaintiff has not pleaded an injury in fact specific to each alleged call.

AMERICAS 101803549

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent Plaintiff suffered harm, which Comcast denies, the harm was caused by a person or entity over whom or which Comcast exercised no control.

## FOURTH AFFIRMATIVE DEFENSE

Claimant's claims are barred, in whole or in in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Comcast received Plaintiff's consent before making the alleged collection calls and Plaintiff never revoked his consent.

## SIXTH AFFIRMATIVE DEFENSE

There are superseding and/or intervening causes for the damages, if any, incurred by Plaintiff that bars recovery against Comcast.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged conduct of Comcast and its agents and employees, if they occurred, were not willful, intentional, knowing, or reckless.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Comcast's conduct with respect to Plaintiff was reasonable, justified and in good faith.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate, minimize, or avoid all or a portion of the alleged damages, if any.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, laches, estoppel and *in pari delicto*, because, among other reasons, Plaintiff unreasonably delayed notifying Comcast of the conduct alleged and in asserting his rights, to the prejudice of Comcast.

## **PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Comcast requests that the Court enter judgment in Comcast's favor, that Plaintiff take nothing by reason of the Complaint, and further requests that it be awarded all other relief to which it is entitled or as to which the Court deems just and proper.


Dated: January 16, 2020                    Respectfully submitted,

**BODMAN PLC**

By: */s/ J. Adam Behrendt*
J. Adam Behrendt (P58607)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6068
jbehrendt@bodmanlaw.com

*Attorneys for Defendant*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re Richard Miller

                   Debtor.

_____  /

Case No. 19-46148-mar
Chapter 7
Hon. Mark A. Randon

Richard Miller,

              Plaintiff,

v.

Comcast of Detroit, LLC,

              Defendant.

_____  /

Adversary Pro. No. 19-04300-mar

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Answer to First Amended Complaint was filed electronically with the Clerk of the Court on January 16, 2020, 2019, using the CM/ECF filing system which sent notification of such filing(s) to all ECF participants, including counsel for Debtor/ Plaintiff.

BODMAN PLC
By: */s/ J. Adam Behrendt*_____
J. Adam Behrendt (P58607)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6068
jbehrendt@bodmanlaw.com
*Attorneys for Defendant*